REINHARDT, Circuit Judge,
concurring:
I concur in the opinion, but write separately to emphasize that under our holding the district court’s role in reviewing unopposed fee requests is a modest one. We conclude that the district court cannot “do the target’s homework” and must presume that a fee request supported by sufficient evidence is reasonable, but we do not discuss in detail when this presumption would be rebutted. To understand the appropriate bounds for the district court’s review, we must examine the purpose of investing the court with that authority in the first place. When the fee-target implicitly agrees that the applicant’s evidence establishes that his fees were reasonable by not contesting the issue, the district court should act not to save the target from itself, but only to protect the integrity of the courts. See Hall v. City of Los Angeles, 697 F.3d 1059, 1073 (9th Cir.2012) (In a case in which a party might otherwise have forfeited an argument, a court may still intervene to “safeguard the fairness, integrity and reputation of our courts.”); Colson v. Hilton Hotels Corp., 59 F.R.D. 324, 328 (N.D.Ill.1972) (“In ruling on attorney’s fees the Court ought to consider ... the effect of the allowance on the public interest and the reputation of the courts.”). Below I give a few examples of where a court might reject even an unopposed fee request because approving it damages the court itself. While this is not a comprehensive list, it illustrates that these rejections will be relatively rare.
The district court’s review of an unopposed fee request will be least necessary or desirable when the target is a sophisticated private entity. In a suit between Google and Apple, for example, it is highly unlikely that a court would find it necessary to intervene where the target corporation does not itself offer an objection. Still, a district court may reject an unopposed fee request that is patently unreasonable or unconscionable — regardless of the identity of the parties — if participating in an unreasonably arbitrary award would adversely affect the reputation of the court. If, on the other hand, the fee target is pro se or otherwise unsophisticated, the court’s intervention is clearly more justified. In those cases, the court may sometimes be required to serve as a “guarantor of fairness.” Foley v. City of Lowell, Mass., 948 F.2d 10, 20 (1st Cir.1991) (internal quotation omitted). In such cases, the court still gives the applicant significantly more leeway than in a contested fee motion, because it intervenes in uncontested fee requests in order to prevent evident unfairness or to preserve the integrity of the judicial system.
The district court may also exercise its limited authority to ensure fairness in cases like this one, in which the fee will be paid out of the public fisc. This is not because governmental entities are unsophisticated litigants — generally quite the opposite is true — but because the court has a separate interest in preserving society’s confidence that public funding of litigation is implemented wisely. Indeed, Foley, which we lean on heavily in the opinion of the court, explicitly recognized that the courts should be somewhat more active in reviewing unopposed fee requests drawing on government funds than in other cases. Id. at 19.
Although there is a substantial argument that our prior cases require the award of unopposed fee requests that are supported by sufficient evidence, I believe *1110 the narrow authority we reserve to protect the integrity of the courts and the public fisc is appropriate, if exercised reasonably. In the case before us, while the district court clearly exceeded that authority in a number of respects, two errors are particularly egregious and require discussion beyond that provided in the court’s opinion.
First, the district court reduced the rate the claimant could recover because his attorney Richard Barnett, as a solo practitioner, could not delegate simpler tasks to lower billing employees, as would a large corporate firm. Beyond ignoring that two of the declarants were solo practitioners who swore that they charged more than Barnett, the district court’s analysis is in error, because a solo practitioner’s hourly rates will generally already reflect the fact that he does both high and low level work. As a rule then, his rates will be lower than those of a senior partner at a large firm. Without evidence that a particular case is an exception to this rule, reducing a solo practitioner’s award because he could not delegate work to lower billing employees makes little sense and unfairly penalizes solo practitioners and, potentially, even members of small firms.
Second, the district court refused to accept Barnett’s hours as reasonable in part because he gave the government’s arguments “more respect than [they] deserved.” Moser should not be held responsible for the government’s “obstinate” refusal to settle the case, nor for his attorney’s unwillingness to run the risk that the court would give the government’s arguments the same kind of “respect” to which the government evidently thought they were entitled. One does not need to be an ardent legal realist to understand that frequently an argument that one judge thinks is a clear loser, another may believe to be dispositive in the other direction. Properly advocating for one’s client means being prepared to encounter either kind of judge.